UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWIN ALLEN WILSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:21-CV-852-RDP |
| } | |
| PAUL BLACKFORD, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

This matter is before the court on Defendants Paul Blackford ("Defendant Blackford") and the City of Birmingham's ("City Defendant") Motion for Summary Judgment. (Doc. # 38). The Motion has been fully briefed. (Docs. # 38, 39, 42, 43). After careful review, and for the reasons outlined below, the Motion (Doc. # 38) is due to be granted.

**I.      Background[1]**

Plaintiff brings this action alleging violations of his constitutional rights following a brief detention by Defendant Blackford. (Doc. # 28). Defendant Blackford was working to clear a car accident when Plaintiff observed the accident and "stopped to video it with his phone camera from the public sidewalk." (*Id*. ¶ 9). As Plaintiff approached the scene in his vehicle, he changed lanes to get around Defendant Blackford's police vehicle, causing two cars to honk their horns at him.

---

[1] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

(Doc. # 40-1). Defendant Blackford observed Plaintiff's lane change while sitting in his vehicle, and exited the vehicle to confront Plaintiff as Plaintiff drove by him. (Doc. # 37).[2]

After a testy interaction, Defendant Blackford returned to his vehicle and debated whether to give Plaintiff a citation for reckless driving. (*Id*.). Ultimately, he decided to issue a citation and walked over to Plaintiff, who was still filming the accident scene, at which point Plaintiff refused to take the citation. (Docs. # 37, 40-1). After spending time arguing over whether Plaintiff deserved the ticket, Plaintiff demanded to speak to Defendant Blackford's supervisor, Sergeant Justice (really), who was just pulling up to the scene. (*Id*.). Defendant Blackford agreed, but handcuffed Plaintiff while Sergeant Justice approached. (*Id*.). After a few minutes of bickering, Plaintiff agreed to accept the citation if it were handed to him by Sergeant Justice rather than Defendant Blackford, and thereafter he was uncuffed. (*Id*.).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

---

[2] Citations to Doc. # 37 refer to the body camera footage provided Defendant Blackford; citations to Doc. # 40-1 refer to the footage provided by Plaintiff.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51). "[A]t the summary judgment stage the judge's function is not himself to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**III.   Analysis**

Plaintiff brings four claims against Defendant Blackford and City Defendant for civil rights violations under 42 U.S.C. § 1983. (Doc. # 28 at 5-10). He brings two more § 1983 claims against City Defendant only.[3] (*Id*. at 11-12). The court first considers the claims against Defendant Blackford, then turns to the claims against City Defendant.

   *A.   Claims Against Defendant Blackford*

Plaintiff brings claims against Defendant Blackford under § 1983 for alleged violations of the First and Fourth Amendments. Specifically, he claims that Defendant Blackford violated the First Amendment by preventing Plaintiff from "recording the traffic accident and the police officers" and by "detain[ing] Plaintiff out of retaliation for recording police." (Doc. 28 at 5-6). Plaintiff further claims that Defendant Blackford violated the Fourth Amendment by seizing Plaintiff's camera phone and by unlawfully detaining him.

   i.   Plaintiff's First Amendment Claims

Plaintiff is correct in asserting that citizens have a First Amendment right to record police conduct on public property. To be sure, "[t]he First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) (citing *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994). However, "under Section 1983, the [plaintiff] must prove that the conduct complained of deprived them of 'a right, privilege or immunity secured by the constitution or laws of the United States.'" *Id*. (quoting *Nail v. Cmty*.

---

[3] The Complaint (Doc. # 28) is unclear as to whether he brings one or two claims against the City Defendant. The court understands that there to be two claims presented.

4

*Action Agency of Calhoun Cty.*, 805 F.2d 1500, 1501 (11th Cir. 1986). Plaintiff has failed to do so.

Indeed, the court is in possession of a video over twenty-three minutes long in which Plaintiff continuously films and repeatedly insults Defendant Blackford. (Doc. # 40-1). The court has also reviewed body camera video of the incident. (Doc. # 37). The facts about what occurred on the day in question are not in dispute.

The only interruption to Plaintiff's video occurs when Defendant Blackford places Plaintiff under arrest for failing to accept his traffic citation. (Doc. # 40-1). But, soon after Plaintiff finally accepts the citation, he is released from custody and his phone is returned, at which point he resumes filming without incident for over fifteen minutes (in fact, Sergeant Justice expressed his affinity for plaintiff and even that he sometimes *agrees* with Plaintiff that law enforcement is in the wrong). (*Id.*). The video concludes with Plaintiff playfully requesting a ride from the Sergeant, who politely declines. (*Id.*). Plaintiff's video displays a healthy respect on the part of law enforcement for his First Amendment right to film police interactions. Thus, Plaintiff's First Amendment claims are without merit and summary judgment is due to be granted.

      ii.      Plaintiff's Fourth Amendment Claims

"An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest." *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). In Alabama, when a citizen refuses to accept a citation, that is sufficient cause for custodial arrest. *Gouin v. State*, 581 So. 2d 1279, 1282 (Ala. Crim. App. 1991). Here, Plaintiff was only handcuffed when he refused to accept the citation from Defendant Blackford (Doc. # 40-1). So, Defendant Blackford had probable cause to arrest Plaintiff. As a result, Plaintiff's unlawful arrest claim under the Fourth Amendment is

without merit, and summary judgment is due to be granted as to Plaintiff's Fourth Amendment claims.[4]

### iii. Qualified Immunity

Even if Plaintiff had raised genuine questions of material fact as to the merits of his claims (and, to be clear, he has not), Defendant Blackford is entitled to qualified immunity. "In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Crenshaw v. Lister*, 556 F.3d 1283, 1289 (11th Cir. 2009) (internal quotations omitted). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Id*. at 1290. "In evaluating whether the plaintiff has met his burden, we ask 'whether … the facts alleged show that Defendants' conduct violated a constitutional or statutory right[.]' If so, the second question is whether the right … was clearly established." *Id*. "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal citations omitted).

Here, there can be no doubt that performing an arrest is squarely within the scope of a police officer's discretionary authority. *See, e.g., Crosby v. Monroe Cty*., 394 F.3d 1328, 1332 (11th Cir. 2004) (holding that, because making an arrest is within the official responsibilities of a law enforcement officer, a law enforcement officer performs a discretionary function when making an arrest). In light of this showing, the court turns to the question of whether qualified immunity applies here.

---

[4] Plaintiff also alleges that Defendant Blackford violated his Fourth Amendment rights by unlawfully seizing his phone in the course of an unlawful arrest. Because it cannot survive absent an unlawful arrest, this claim is also without merit.

Plaintiff has not met his burden to show that qualified immunity is inappropriate because, as discussed above, Defendant Blackford's conduct clearly did not violate Plaintiff's First or Fourth Amendment rights. *See Crenshaw*, 556 F.3d at 1290. Moreover, even if Plaintiff sufficiently alleged that Defendant Blackford violated his constitutional rights by unlawfully arresting him without probable cause, "this does not automatically strip the officer of qualified immunity protection." *Poulakis v. Rogers*, 341 F. App'x 523, 526 (11th Cir. 2009). Instead, "in wrongful arrest cases, [the Eleventh Circuit has] frequently framed the 'clearly established' prong as an 'arguable probable cause' inquiry. *Id*. "Arguable probable cause exists where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff.'" *Grider v. City of Auburn*, 618 F.3d 1240, 1257 (11th Cir. 2010).

Here, Defendant Blackford arrested Plaintiff for refusing to accept a traffic citation. Alabama law requires police officers to give drivers who have violated the traffic laws "a sufficient written bond [citation] approved by the arresting officer to appear at such a time and place." Ala. Code 1975 § 32-1-4. Further, with an exception not applicable here, "a person refusing to give bond to appear shall be taken immediately by the arresting officer before the nearest or most accessible magistrate."[5] *Id*. Thus, even without the ruling in *Gouin*, (which explicitly categorized a failure to accept a citation as probable cause for arrest, a reasonable officer in the same circumstances could certainly have believed that probable cause existed to arrest Plaintiff for refusing to "give bond" by accepting the citation. Accordingly, because Defendant Blackford was clearly performing a discretionary function when he arrested Plaintiff, because Plaintiff cannot

---

[5] Neither party addresses whether the citation Plaintiff refused to accept was an "e-ticket." Regardless, the question when determining arguable probable cause is not whether Defendant Blackford was legally correct in arresting Plaintiff, but whether a reasonable officer could have done the same in similar circumstances. The answer does not turn on whether Defendant Blackford issued an e-ticket or a different type of traffic citation.

show that Defendant Blackford violated his constitutional rights, and because Defendant Blackford had arguable probable cause to arrest Plaintiff, Defendant Blackford is entitled to qualified immunity.

### B. Claims Against City Defendant

Municipalities can only be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Svc. of City of New York*, 436 U.S. 658, 690 (1978). Put differently, a municipality "may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *Monell*, 436 U.S. at 694-95). Here, the court need not determine whether the City Defendant promulgated an official policy resulting in the violation of Plaintiff's constitutional rights because, as discussed above, Plaintiff's constitutional rights *were not violated*. Accordingly, summary judgment is due to be granted as to Plaintiff's claims against City Defendant.

### IV. Conclusion

For the reasons discussed above, summary judgment is due to be granted on each of Plaintiff's claims. An order reflecting this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this February 10, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE